UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MCC MANAGEMENT OF NAPLES, INC., BGC
II MANAGEMENT OF NAPLES, INC., MILES
C. COLLIER, BARRON G. COLLIER, II,

          Plaintiffs,

vs.                              Case No.  2:07-cv-420-FtM-29DNF

ARNOLD & PORTER, LLP,

          Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on plaintiffs' Motion for Remand (Doc. #8).  Defendant filed a Response (Doc. #22), to which plaintiffs filed an authorized Reply Memorandum (Doc. #32).  Also before the Court is defendant's Motion to Stay (Doc. #16) filed on July 26, 2007.  Plaintiff filed a Response (Doc. #26) in opposition on August 20, 2007, to which defendant filed an authorized Reply (Doc. #36).  Defendant's Requests for oral arguments on the motion will be denied as the Court finds additional argument is not warranted.

    Plaintiffs filed a Verified Complaint for Declaratory Relief (the Complaint) (Doc. #2) in the Twentieth Judicial Circuit Court, in and for Collier County, Florida.  The Complaint was removed to federal court on the basis of diversity jurisdiction, and plaintiffs now seek its remand to state court. Plaintiffs assert there is no federal jurisdiction because the amount in controversy

does not reach the threshold amount.  Defendant responds that the amount in controversy greatly exceeds the $75,000 minimum, and that the Court should retain jurisdiction to prevent plaintiffs from splitting their cause of action in a previously filed case.

**I.**

Three lawsuits are relevant to this matter.  The first lawsuit had its origin in 1993, when Local America Bank of Tulsa (Local) hired Arnold & Porter LLP (Arnold & Porter) in connection with a dispute with the predecessor of the Federal Deposit Insurance Corporation (FDIC) (the FDIC Dispute).  In 1996, Arnold & Porter represented Local in a lawsuit against the United States in the United States Court of Federal Claims.  Much of the FDIC Dispute was settled in 2002, and the remaining portion was resolved in 2006 with the decision in favor of Local in excess of $5.8 million. Local Okla. Bank, N.A. v. United States, 452 F.3d 1371 (Fed. Cir. 2006).  In the ten years of litigation, substantial fees (in excess of $2.8 million) were paid to Arnold & Porter.  An appeal of an order denying attorney fees to Local was filed by Arnold & Porter in March, 2007 in the FDIC Dispute litigation.

The crux of the next two lawsuits is the identity of Arnold & Porter's client(s) in the FDIC Dispute.  Miles C. Collier and Barron G. Collier II (the Collier Parties) maintain that while Local hired Arnold & Porter in 1993 and Arnold & Porter represented Local as the named party in the FDIC Dispute litigation, the Collier Parties were the real parties in interest in that

litigation and were a joint client of Arnold & Porter.  The Collier Parties maintain that Arnold & Porter has always acted, and continues to act, as the attorneys for both the Collier Parties and Local in connection with the FDIC Dispute.  Thus, the Collier Parties assert they are "clients" of Arnold & Porter in connection with Arnold & Porter's joint representation of Local and the Collier Parties in the FDIC Dispute, and that an attorney-client relationship existed and continues to exist as to the FDIC Dispute.

The second lawsuit was filed by the Collier Parties in state court against Arnold and Porter and three individual attorneys.  An Amended Complaint in that case was ultimately removed to federal court.  <u>See</u> Case Number 2:07-cv-387-FTM-29SPC.  The Amended Complaint recites the FDIC Dispute history summarized above, although in much greater detail, and asserts that Arnold and Porter represented both Local and the Collier Parties in the FDIC Dispute.  The 44 counts allege a host of claims against Arnold & Porter and/or its attorneys, virtually all of which hinge on the Collier Parties being clients of Arnold & Porter or being intended third-party beneficiaries of the legal relationship with Local.

The third lawsuit is the current Complaint For Declaratory Relief which seeks a declaratory judgment under Florida law that: (1) plaintiffs are "clients" of Arnold & Porter in connection with the FDIC Dispute; (2) no privilege or reasonable basis exists for Arnold & Porter to refuse to provide plaintiffs with a copy of the entire file generated by Arnold & Porter during its legal

representation of plaintiffs in the FDIC Dispute; and (3) that Arnold & Porter is obligated to provide plaintiffs with a copy of the entire contents of the FDIC Dispute file upon payment of reasonable expenses associated with providing the copy.  Arnold & Porter filed a Notice of Removal (Doc. #1) asserting federal jurisdiction based upon diversity of citizenship.  The amount in controversy was claimed to be "many millions of dollars" (Doc. #1, ¶ 10) because plaintiffs were seeking millions of dollars from Arnold & Porter and three individual defendants based upon claims in Case No. 2:07-cv-387-FtM-29SPC.

## II.

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., 200 F.3d 753, 755 (11th Cir. 2000).  A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332.  Section 1332(a) requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).  In this case, both sides agree that there is complete diversity of citizenship.

As the party seeking federal jurisdiction, the burden is upon defendant Arnold & Porter to establish diversity jurisdiction as of the date of removal.  Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best

Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  When plaintiffs file a case in state court without pleading a specific amount of damages, as in this case, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.  Williams, 269 F.3d at 1319.  Thus, the issue is whether defendant has shown that it is more likely than not that the amount in controversy exceeded $75,000, exclusive of interest and costs, at the time of removal.

### III.

In a declaratory action, "the amount in controversy is measured by the value of the object of the litigation."  Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)(collecting cases).  The value of the object of the litigation is measured from plaintiff's perspective.  Ericsson GE Mobile Commc'ns v. Motorola Commc'ns & Elecs., 120 F.3d 216, 218 (11th Cir. 1997); Morrison, 228 F.3d at 1268.  Thus, the value of the requested declaratory relief is the monetary value of the benefit that would flow to the plaintiff if the declaration is granted.  Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000); Leonard v. Enterprise Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002).  A court is required to insure that benefits are not counted in calculating the amount in controversy if they are speculative or so uncertain that the court cannot reasonably determine their amount.  Ericsson, 120 F.3d at 221; Morrison, 228 F.3d at 1268-69.

Plaintiffs argue that the declarations they seek have no monetary value, and therefore amount in controversy is zero and diversity jurisdiction does not exist.  As a general matter, the Court would agree that being declared to be a client of Arnold & Porter has no monetary value.  The core declaration sought in this case, however, in not a generality, but seeks a declaration of client status for over a ten year period in connection with the FDIC Dispute.  The benefit obtained by plaintiffs of obtaining such a declaration is the ability to proceed with the lawsuit pending in Case No. 2:07-cv-387-FtM-29SPC and establish claimed damages in the millions of dollars if plaintiffs succeed.  Whether judged by the value of the damages sought or the value of the opportunity to sue as a client, the value of the object of this litigation exceeds $75,000.  The Court concludes that the value of the object of the litigation, i.e., a declaration that plaintiffs were and are clients of Arnold & Porter in connection with the FDIC Dispute, is substantially more than $75,000 exclusive of interest and costs.[1]

Accordingly, it is now

**ORDERED**:

1.  Plaintiffs' Motion for Remand (Doc. #8) is **DENIED.**

2.  Defendant's Request for Hearing on Defendant's Response to Plaintiffs' Motion for Remand (Doc. #23) is **DENIED.**

---

[1]The Court therefore finds it unnecessary to address the argument regarding splitting causes of action.

3.  Defendant's Motion to Stay (Doc. #16) is **DENIED** as **moot** as the Court will maintain jurisdiction over this case along with the related case.

4.  Defendant's Request for Hearing on Defendant's Motion to Stay (Doc. #17) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of February, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record